**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4833**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CYNTHIA TERESA HARLAN,

Defendant - Appellant.

**No. 16-4853**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLAUDE BERNARD MCRAE,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:15-cr-00226-FDW-DSC-1; 3:15-cr-00226-FDW-DSC-3)

Submitted: November 16, 2017                    Decided: December 4, 2017

Before GREGORY, Chief Judge, and TRAXLER and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina; Robert C. Carpenter, DUNGAN, KILBOURNE & STAHL, P.A., Asheville, North Carolina, for Appellants. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A grand jury indicted Cynthia Teresa Harlan and Claude Bernard McRae, along with Tyree Craig Jones, for conspiracy to commit health care fraud, in violation of 18 U.S.C. §§ 1347, 1349 (2012). Harlan also faced three counts of making false statements related to health care matters, in violation of 18 U.S.C. §§ 2, 1035 (2012); three counts of aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A(a)(1) (2012); and one count of obstruction of a health care investigation, in violation of 18 U.S.C. § 1518 (2012). Harlan, McRae, and Jones proceeded to a joint jury trial; during the trial, Jones elected to plead guilty. The jury found Harlan guilty of all counts and McRae guilty of the sole count with which he was charged. The district court sentenced Harlan to 192 months' imprisonment and McRae to 88 months' imprisonment.

On appeal, Harlan challenges the district court's denial of her motion to sever her trial from the trial of McRae and Jones and the loss amount attributed to her for purposes of calculating her Sentencing Guidelines range. McRae challenges the district court's admission of two exhibits during trial, the sufficiency of the evidence supporting his conviction, and the procedural and substantive reasonableness of his sentence. We affirm.

I

McRae argues that the district court abused its discretion in admitting two exhibits at trial. The first exhibit is a letter containing the results of an audit of the predecessor company to Carolina Care One ("CC1"), both of which McRae coowned, and stating that the audit revealed evidence of possible fraudulent billing by the predecessor company.

3

The auditing entity addressed the letter to another person with an ownership interest in the predecessor company but sent it to the business' location with which McRae was associated. The second exhibit is an expenditure chart showing that McRae spent money from CC1's bank account on trips to Las Vegas. We review a district court's "evidentiary rulings for an abuse of discretion." *United States v. Sterling*, 860 F.3d 233, 246 (4th Cir. 2017).

The district court admitted the letter on two alternative grounds: (1) as evidence intrinsic to the alleged conspiracy, and (2) as evidence of knowledge, intent, planning, and absence of mistake under Fed. R. Evid. 404(b). We hold that the district court did not abuse its discretion in admitting the audit results letter. First, we conclude that the letter is intrinsic to the charged conspiracy because the suspected fraudulent activity described in the letter concerns some of the same conspirators, the same victim, and a similar type of fraudulent scheme. *See United States v. Otuya*, 720 F.3d 183, 188 (4th Cir. 2013) (discussing intrinsic evidence). Second, even if the letter is extrinsic to the charged conspiracy, we conclude that the letter was admissible under Rule 404(b).[1] *See id.*; *see also Sterling*, 860 F.3d at 246-47 (discussing requirements for admission under Rule 404(b)). Although the letter was certainly prejudicial to McRae, *see Sterling*, 860 F.3d at 248, we conclude that the probative value of the letter was not substantially outweighed by the danger of unfair prejudice to McRae. *See id.*; Fed. R. Evid. 403.

---

[1] To the extent McRae claims that he never saw the letter, we conclude that the Government introduced sufficient evidence to support a finding that McRae knew about the letter.

4

Turning to the expenditure chart, the district court admitted the chart because the use of funds from a business account for personal expenses was "evidence of fraud." Assuming, without deciding, that the district court may have erred in admitting the chart, we conclude that any error is harmless. *See United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (providing standard). In light of the strength of the other evidence against McRae, we believe that the brief mention of McRae's Las Vegas expenditures did not sway the jury's verdict. *See id.*; *United States v. Cusack*, 229 F.3d 344, 348 (2d Cir. 2000) (concluding that any error in admission of expenditure evidence was harmless); *United States v. Ewings*, 936 F.2d 903, 907-08 (7th Cir. 1991) (same).

II

McRae next argues that the Government did not present sufficient evidence that he knowingly and willingly joined the conspiracy to defraud the North Carolina Medical Assistance Program ("Medicaid"). We review de novo "a challenge to the district court's denial of a motion for acquittal based on sufficiency of the evidence." *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017). "The standard for reversing a jury verdict of guilty is a high one: the Court does so only where the prosecution's failure is clear." *United States v. Perry*, 757 F.3d 166, 175 (4th Cir. 2014) (internal quotation marks omitted). "The jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it, where substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (emphasis and internal quotation marks omitted). "In determining whether there is substantial evidence to support a verdict, we defer to the

5

jury's determinations of credibility and resolutions of conflicts in the evidence, as they are within the sole province of the jury and are not susceptible to judicial review." *United States v. Louthian*, 756 F.3d 295, 303 (4th Cir. 2014) (internal quotation marks omitted).

Viewing the evidence in the light most favorable to the Government, *see Perry*, 757 F.3d at 175, we conclude that substantial evidence supports McRae's conviction. *See United States v. Vinson*, 852 F.3d 333, 351 (4th Cir. 2017) (stating elements of offense). McRae coowned CC1, which worked in conjunction with Harlan and her billing associates to submit millions of dollars worth of fraudulent claims to Medicaid. CC1 was created after McRae's part-ownership of CC1's predecessor, which was also suspected of fraud, and McRae lied on CC1's Medicaid application by listing himself as CC1's sole owner to conceal the fact that his coowner, Jones, was a convicted felon. During the conspiracy, Harlan provided McRae spreadsheets detailing the amount owed to each person who assisted in the scheme and the coconspirators' activities that were indicative of fraud. Furthermore, McRae knew about the substantial profit that CC1 was making, despite CC1's limited number of actual clients, and he spent a significant amount of the fraudulent proceeds.

To the extent McRae argues that he acted innocently by producing boxes of records to investigators, McRae did so in response to a Government subpoena, and those boxes contained empty or duplicative files that proved CC1 was fraudulently billing Medicaid. There is also evidence contradicting McRae's claim that he was forthright with law enforcement. Because the evidence adduced at trial demonstrates that McRae

6

knew of the scheme, participated in it, and profited significantly from it, we conclude that substantial evidence supports McRae's conviction.

III

Harlan argues that the district court erred in denying her motion for severance pursuant to Fed. R. Crim. P. 14(a). We review the denial of a motion to sever for an abuse of discretion. *United States v. Min*, 704 F.3d 314, 319 (4th Cir. 2013). "[T]he general rule is that defendants indicted together should be tried together," and this principle holds particularly true in conspiracy cases. *United States v. Chorman*, 910 F.2d 102, 114 (4th Cir. 1990). A court may order a separate trial if it appears that a joint trial will prejudice the defendant, but even where the possibility of prejudice exists, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "[A] district court should grant severance under Rule 14 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Min*, 704 F.3d at 319 (quoting *Zafiro*, 506 U.S. at 539).

We conclude that the district court did not abuse its discretion in denying Harlan's motion for severance based on the grounds on which she relied below. Harlan also offers several additional severance arguments for the first time on appeal, which we review for plain error. *See United States v. Soto*, 794 F.3d 635, 656 (6th Cir. 2015) (stating standard of review); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009) (explicating plain error standard). Even assuming that the district court committed obvious error in

7

neglecting to sever Harlan's trial based on these new arguments, we conclude that Harlan fails to establish that the error affected the outcome of the trial. *See United States v. Stone*, 866 F.3d 219, 225 (4th Cir. 2017) (providing standard). Consequently, Harlan cannot establish plain error.

IV

Harlan also argues that the district court erred in attributing approximately $12,000,000 in loss to her based on the aggregate amount that she billed to Medicaid on behalf of five companies. We review the district court's determination of the amount of loss for clear error. *Id.* at 227. When calculating the Guidelines range applicable to a fraud offense, the Government is required to establish the amount of loss by a preponderance of the evidence. *Id.* at 228. Moreover, "[t]he court need only make a reasonable estimate of the loss." *Id.* (internal quotation marks omitted).

Beginning with Harlan's claim that only the actual loss amount should have been attributed to her, Harlan ignores that the amount of loss is the greater of actual loss or intended loss. U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(A) (2015); *see Stone*, 866 F.3d at 228. Here, the intended loss, whether calculated using Harlan's method or the district court's method, was greater than the actual loss. Therefore, we conclude that district court properly used the intended loss amount in calculating Harlan's offense level.

Harlan also argues that she did not intend to receive the entire amount that she billed to Medicaid, but she failed to introduce any evidence of her subjective intent at her sentencing hearing. *See United States v. Miller*, 316 F.3d 495, 504-05 (4th Cir. 2003)

8

(rejecting identical argument where defendant failed to introduce evidence that he was aware of Medicaid's fee schedule and that he "bill[ed] well above [the fee schedule] with no intention of receiving the amount billed"). To the extent Harlan relies on the Medicaid manager's testimony as support for this argument, her reliance is misplaced. Because Harlan failed to rebut the presumption that she intended to defraud Medicaid of the aggregate amount billed, we conclude that the district court did not clearly err in determining the amount of loss attributable to her.

V

McRae challenges the procedural and substantive reasonableness of his sentence. We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and explained sufficiently the selected sentence. *Id.* at 49-51.

In considering the substantive reasonableness of the sentence, we "take[] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable

9

when measured against the 18 U.S.C. § 3553(a) factors." *Louthian*, 756 F.3d at 306 (citation omitted).

## A

Beginning with procedural reasonableness, McRae offers three challenges to the district court's calculation of his Guidelines range. First, he argues that the district court erred in calculating the total loss amount attributable to him. We conclude that the district court did not clearly err in attributing to McRae an intended loss of $6,876,705 based on the amounts fraudulently billed by CC1's predecessor and CC1.[2] *See Stone*, 866 F.3d at 227; *Otuya*, 720 F.3d at 191 (recognizing that "a particular loss may be attributed to a defendant if it results from the conduct of others so long as the conduct was in furtherance of, and reasonably foreseeable in connection with the criminal activity" (internal quotation marks omitted)). Furthermore, McRae failed to introduce any evidence to rebut the presumptive intended loss amount under USSG § 2B1.1 cmt. n.3(F)(viii). Therefore, we conclude that the district court did not clearly err in holding McRae responsible for the amounts fraudulently billed to Medicaid on behalf of his companies.

Second, McRae contends that the district court erred by adding two offense levels for an abuse of a position of trust under USSG § 3B1.3. "We review de novo the district court's legal interpretation of what constitutes a position of trust" and review for clear

---

[2] McRae does not challenge the loss amount attributed to him based on CC1's predecessor.

error factual findings related to the enhancement. *United States v. Abdelshafi*, 592 F.3d 602, 606 (4th Cir. 2010) (internal quotation marks omitted). We conclude that the district court did not err in applying the enhancement. McRae held a position of trust as the coowner of a Medicaid-approved provider, which received its approval as a result of McRae's application. *See United States v. Miller*, 607 F.3d 144, 150 (5th Cir. 2010) (concluding that position as owner of Medicaid-approved provider was position of trust). Moreover, McRae abused that position in a manner that contributed significantly to the commission and concealment of the fraud scheme. *See United States v. Roy*, 819 F.3d 998, 1002 (7th Cir. 2016) (concluding that enhancement properly applied to CEO of company that submitted false Medicare claims because "he exercised managerial discretion" in billing); *United States v. Babaria*, 775 F.3d 593, 596-97 (3d Cir. 2014) (holding that enhancement properly applied to defendant medical director and manager of authorized provider given defendant's "level of authority and the lack of supervision over his actions").

With respect to McRae's final procedural reasonableness argument, that the district court should have reduced his offense level because he was a minimal or minor participant in the offense, *see* USSG § 3B1.2 & cmt. nn.4, 5, "[w]e review for clear error the district court's determination that [defendant] failed to show his entitlement to [a mitigating role] adjustment." *United States v. Powell*, 680 F.3d 350, 359 (4th Cir. 2012). Although McRae relies on an example provided in USSG § 3B1.2 cmt. n.3(A) as support for a role adjustment, we conclude that the example does not apply to McRae because his role in the scheme was more involved than that of a nominee owner. Furthermore,

11

considering the mitigating role factors listed in USSG § 3B1.2 cmt. n.3(C), we conclude that the district court did not clearly err in denying McRae a mitigating role adjustment. For these reasons, we reject McRae's challenges to the procedural reasonableness of his sentence.

## B

Finally, McRae avers that his sentence is substantively unreasonable. We conclude that McRae fails to rebut the presumption of reasonableness afforded to his within-Guidelines-range sentence. To the extent McRae argues that the district court impermissibly considered his pro se filings at the sentencing hearing, the court explicitly stated that it would not consider those filings in deciding McRae's sentence. As for McRae's claim that his sentence is substantively unreasonable because it is three months longer than Jones' sentence, Jones accepted responsibility for his actions by pleading guilty, which distinguishes him from McRae. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (rejecting unwarranted disparity argument based, in part, on fact that codefendant pled guilty while defendant did not).

## VI

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

12